UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **TONY GATLIN, individually and** *on* **behalf of all others similarly situated,** § § § | Docket No. 7:18-cv-00081 |
| **Plaintiff,** § § | |
| **vs.** § § | **JURY TRIAL DEMANDED** |
| **BACKYARD ENERGY SERVICES SERVICES, LLC** § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Tony Gatlin ("Gatlin" or "Plaintiff") files this Original Collective Action Complaint against Defendant Backyard Energy Services, LLC ("Backyard Energy" or "Defendant") to recover the unpaid overtime wages owed to Defendant's workers under the Fair Labor Standards Act ("FLSA").

2. Gatlin and the other solids control technicians like him regularly worked for Backyard Energy for more than 40 hours each week.

3. Backyard Energy improperly classified Gatlin and those similarly situated as independent contractors, paying them a day rate with no overtime compensation. This practice violates the overtime requirements of the FLSA. *See* 29 U.S.C. § 201 *et. seq.*

### JURISDICTION & VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division and because Backyard Energy conducts substantial business in this District and Division.

**PARTIES**

6. Gatlin was employed by Backyard Energy from approximately August 2016 to February 2017. His written consent is attached as Exhibit A.

7. Throughout his employment with Backyard Energy, he was paid a daily rate with no overtime compensation and was classified as an independent contractor.

8. The relationship between Gatlin and Backyard Energy rises to the level of an employee-employer relationship.

9. For example, Backyard Energy dictated Gatlin's rate of pay.

10. Backyard Energy set Gatlin's schedule.

11. Backyard Energy decided Gatlin's work locations.

12. Backyard Energy required Gatlin to follow its policies and procedures

13. Backyard Energy directly and/or indirectly prevented Gatlin from working for other employers while working for Backyard Energy.

14. Backyard Energy precluded Gatlin from subcontracting his work at Backyard Energy.

15. Backyard Energy did not provide unique services indicative of a third-party contractor.

16. Gatlin is a solids control technician.

17. Gatlin brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid under Backyard Energy's day rate system. Backyard Energy paid each of these workers a daily rate and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

18. The FLSA Class was subjected to the same FLSA violations as Gatlin and is properly defined as:

> **All workers who provided services to or on behalf of Backyard Energy during the past 3 years who were classified as independent contractors and paid on a day rate basis. ("Putative Class Members")**

The members of the FLSA Class are easily ascertainable from Defendant's business records, particularly personnel records.

19. **Backyard Energy** is an Oklahoma corporation headquartered in Oklahoma City, Oklahoma, and doing business throughout the United States. It may be served through its registered agent: **W. Chris Coleman, McAfee & Taft, A Professional Corporation, 211 N. Robinson Avenue, 10th Floor, Two Leadership Square, Oklahoma City, OK 73102.**

## FLSA COVERAGE

20. Backyard is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. Backyard is a covered enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. Backyard's annual revenues far exceed the minimum ($500,000) required for coverage under the FLSA in each of the past 3 years.

23. Backyard's employees and contractors regularly use hand tools, oilfield equipment, telephones, and other goods or materials that have moved in, or were produced for, commerce.

24. As will be shown through this litigation, Backyard Energy treated Gatlin (and all workers that it classified as independent contractors and paid a daily rate without overtime compensation) as employees.

25. Backyard Energy's misclassification of Gatlin and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of this FLSA collective action.

## FACTUAL ALLEGATIONS

26. Backyard Energy is "an environmental oilfield services company that provides innovative, turnkey solutions for the remediation, reclamation and re-use of solid and fluid waste materials for oil and gas producers operating in the Mid-Continent." *See* http://www.backyardes.com/about-us (last visited May 4, 2018).

27. In order to provide a part of these services to the oil and gas industry, Backyard Energy hires workers on a day rate basis.

28. Many of these individuals worked for Backyard Energy on a day rate basis without overtime and were classified as independent contractors.

29. Gatlin and the Putative Class Members worked for Backyard Energy under this pay scheme throughout the United States, including this District and Division.

30. Gatlin and the Putative Class Members worked for Backyard Energy performing solids control functions in the oilfield.

31. Gatlin and the Putative Class Members received a daily rate and were treated as independent contractors.

32. Gatlin and the Putative Class Members worked a minimum of twelve hours a day and often more than fifteen hours a day.

33. Gatlin and the Putative Class Members were also required to attend thirty-minute safety meetings before and after their shifts.

34. Gatlin and the Putative Class Members often worked seven days a week.

35. Gatlin and the Putative Class Members often worked more than sixty days straight.

36. Gatlin and the Putative Class Members often worked the same schedule.

37. Gatlin and the Putative Class Members' pay fluctuated in lockstep with the number of days worked in a pay period.

38. Gatlin and the Putative Class Members were paid their day rate times the number of days they worked in a week.

39. Gatlin and the Putative Class Members did not receive overtime pay.

40. Gatlin and the Putative Class Members pay depended only on the quantity of work he performed (specifically the number of days worked in a week).

41. Gatlin and the Putative Class Members performed manual labor for Backyard Energy, which include nonexempt job duties.

42. Gatlin and the Putative Class Members are subjected to the same or similar pay practices for similar work.

43. Without the jobs performed by Gatlin and the Putative Class Members, Backyard Energy would not be able to complete its business objectives.

44. Gatlin and the Putative Class Members rely on Backyard Energy for work and compensation.

45. Gatlin and the Putative Class Members are not permitted by Backyard Energy to subcontract out the work they are assigned to do by Backyard Energy.

46. Gatlin and the Putative Class Members work in accordance with the schedule set by Backyard Energy and its clients.

47. Gatlin and the Putative Class Members must follow Backyard Energy policies and procedures.

48. Gatlin and the Putative Class Members' work must adhere to the quality standards put in place by Backyard Energy and its clients.

49. Gatlin and the Putative Class Members did not substantially invest in the tools required to complete the overall jobs to which they were assigned.

50. Gatlin and the Putative Class Members did not possess any specialized or unique skill set.

51. Gatlin and the Putative Class Members were blue collar workers.

52. Gatlin and the Putative Class Members did not market their services, while employed by Backyard Energy.

53. Gatlin and the Putative Class Members worked exclusively for Backyard Energy.

54. Gatlin and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

55. Backyard Energy determined Gatlin's and the Putative Class Members opportunity for profit or loss.

56. Backyard Energy set Gatlin and the Putative Class Members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Backyard Energy.

57. Very little skill, training, or initiative was required of Gatlin and the Putative Class Members to perform their job duties.

58. Backyard Energy required Gatlin and the Putative Class Members to work substantial overtime without overtime compensation.

59. Backyard Energy classified Gatlin and the Putative Class Members as exempt from the overtime requirements, as independent contractors.

60. Backyard Energy's policy of classifying Gatlin and the Putative Class Members as independent contractors and failing to pay them overtime, including Gatlin, violates the FLSA because these workers are, for all purposes, day rate employees performing non-exempt job duties.

## COLLECTIVE ACTION ALLEGATIONS

61. Gatlin brings this claim under the FLSA as a collective action.

62. The Putative Class Members are similarly situated in all relevant respects.

63. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

64. Gatlin and the Putative Class Members are all entitled to overtime after 40 hours in a week for the same reasons.

65. The overtime owed to Gatlin and the Putative Class Members will be calculated using the same records and using the same formula.

66. Gatlin and the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

67. Backyard Energy employed a substantial number of employees like Gatlin in the United States during the past 3 years.

68. The Gatlin and the Putative Class Members are geographically disbursed, residing and working in states across the county.

69. Because these workers do not have fixed work locations, these individuals may work in different states across the country during a given year.

70. Absent a collective action, many members of the Putative Class members likely will not obtain redress of their injuries and Backyard Energy would retain the proceeds of its violation of the FLSA.

71. Furthermore, individual litigation would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION

### Violation of the FLSA

73. Gatlin incorporates the preceding paragraphs by reference.

74. As set forth herein, Backyard Energy has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

75. Backyard Energy knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation. Backyard Energy's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith. Defendant's failure to pay Gatlin and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

76. Accordingly, Gatlin and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### JURY DEMAND

77. Gatlin demands a trial by jury.

### PRAYER

WHEREFORE, Gatlin prays for:

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Gatlin and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Jennifer M. Solak**
State Bar No. 24060634
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**